BERSCHLER ASSOCIATES, PC
Arnold I. Berschler, SBN# 56557
22 Battery Street, Suite 810
San Francisco, CA 94111
Telephone (415) 398 1414

Attorneys for ABDULHALIM A. ALI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULHALIM A. ALI, MOHAMED FAISAL ALI,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT ROGERS, a.k.a. BOB ROGERS, WILLIAM BARTLETT.<br><br>Defendants. | Civil No.<br><br>CV12  0340<br><br>**COMPLAINT FOR DAMAGES**<br><br>DEMAND FOR JURY TRIAL |

The plaintiffs, Abdulhalim A. Ali and Mohamed Faisal Ali, respectively complain against the Defendants, and each of them, for respective sums in excess of $200,000.00, and for their respective causes of action allege as follows:

**GENERAL ALLEGATIONS**

1. Jurisdiction: This Honorable Court's subject matter jurisdiction over these plaintiffs' claims against defendants, and each of them, arises under 28 U.S.C. §1331 and pursuant to 42 U.S.C. §1981 and/or 42 U.S.C. §1983.

2. Intradistrict Assignment: Under local Rules 3-2 and 3-5 the events giving rise to this law suit occurred in Alameda County, State of California; further, Plaintiff Mohamed Faisal Ali is a resident of Wayne County, Michigan and Plaintiff, Abdulhalim A. Ali, is a resident of Alameda County, State of California. Therefore, this action should be assigned

to the San Francisco Division of this Court. Moreover, at all relevant times, the defendants, and each of them were doing business within the geographical boundaries of this Honorable Court's jurisdiction.

3. This action arises out of discriminatory conduct effected in the State of California within two years of the filing of this action. The California statute of limitations for such conduct is two years. California Code of Civil Procedure §335.1.

4. At all relevant times, Plaintiff Abdulhalim A. Ali ("Abdulhalim") was a citizen of the United States, born in Yemen, of Arabic descent and was identified as a worshiper of Islam.

5. At all relevant times, Plaintiff Mohamed Faisal Ali ("Mohamed") was a citizen of the United States, born in Yemen, of Arabic descent and was identified as a worshiper of Islam.

6. At all relevant times, Abdulhalim was a member in good standing in the union, the Seafarers International Union ("SIU").

7. At all relevant times, Mohamed was a member in good standing in the union, the SIU.

8. At all relevant times, the work place in question was the vessel, USNS PETERSBURG ("Subject Vessel").

9. Upon information and belief: At all relevant times, Defendant Robert Rogers, also known as Bob Rogers ("Mr. Rogers"), was a Vice President of and the Director of Human Resources of the company, Interocean American Shipping Corporation.

10. Upon information and belief: At all relevant times, Mr. Rogers was tasked with the duty to approve and oversee the hiring and discharge of persons employed aboard the Subject Vessel.

**FIRST CAUSE OF ACTION**

[Abdulhalim A. Ali Wrongful Termination - Discrimination: 42 U.S.C. §1983: Robert Rogers]

11. Plaintiff Abdulhalim A. Ali incorporates the foregoing General Allegations herein, by reference, as if fully set forth at length.

COMPLAINT FOR DAMAGES        CIVIL No. --------

[\Complaint.01.wpd]

2

12. This action arises out of discriminatory conduct occurring on or about January 23, 2010.

13. Abdulhalim complains of this defendant under 42 U.S.C. §1983.

14. At all relevant times, Abdulhalim was employed aboard the vessel, USNS PETERBURG ("Subject Vessel").

15. At all relevant times, Abdulhalim was employed aboard the Subject Vessel pursuant to a Collective Bargaining Agreement ("CBA") between the SIU, on the one hand, and Interocean American Shipping Corporation on the other hand.

16. Upon information and belief: At all relevant times, William Bartlett ("Captain Bartlett") was the captain of the Subject Vessel.

17. At all relevant times, the Subject Vessel was owned by the United States of America by and through the Maritime Administration, the agency within the U.S. Department of Transportation dealing with waterborne transportation.

18. At all relevant times, the U.S. Department of Transportation through its Maritime Administration agency contracted with Interocean American Shipping Corporation to have it provide civilian personnel to operate the vessel and to supply it with necessaries in return for monetary compensation. Thus, the relationship among the U.S. Department of Transportation and Interocean American Shipping Corporation and Mr. Rogers was mutually interdependent and/or symbiotic concerning the operation of the Subject Vessel.

19. Upon information and belief: On or about January 23, 2010, Mr. Rogers ordered Captain Bartlett to terminate the employment of all persons then working aboard the Subject Vessel who appeared to be of Yemanese origin and/or of Arabic descent and/or a follower of Islam.

20. On or about January 23, 2010, Captain Bartlett ordered Abdulhalim leave the employment of the Subject Vessel and to immediately debark from same; thus, Abdulhalim's employment aboard the vessel was terminated.

21. On or about January 23, 2010, Captain Bartlett ordered all employees appearing to be of Yemanese origin and/or of Arabic descent and/or a follower of Islam off the Subject

Vessel, terminating their respective employment, pursuant to the directive of Mr. Rogers.

22. At all relevant times, including January 23, 2010 without limitation, no employees aboard the Subject Vessel, who did not appear to be of Yemanese origin and/or of Arabic descent and/or a follower of Islam were terminated from employment.

23. At no time did Abdulhalim or fail to act in any way that could justify his termination of employment aboard the Subject Vessel pursuant to the CBA or upon lawful grounds otherwise.

24. By reason of the foregoing premises, and as a legal result thereof, Mr. Rogers was acting under color of law when he ordered Abdulhalim to be terminated from his job.

25. By reason of the foregoing premises, and as a legal result thereof Mr. Rogers' conduct in the premises violated Abdulhalim's rights under the laws of the United States of America, including without limitation, the equal protection clause of the Fourteen Amendment to the United States Constitution.

26. As a proximate result of the herein complained conduct, Abdulhalim was legally caused to suffer humiliation and anger, all to his damages, in sums not now specifically known, and for which Robert Rogers is liable to Abdulhalim in general damages. Leave is prayed to assert such amount when ascertained.

27. As a proximate result of the herein complained conduct, Abdulhalim was legally caused to suffer a loss of wages and earning power, in sums not now specifically known, and for which Robert Rogers is liable to Abdulhalim in special damages. Leave is prayed to assert such amount when ascertained.

28. As a proximate result of the herein complained conduct, Abdulhalim was legally caused to sustain attorneys fees in sums not now specifically known, and for which Robert Rogers is liable to Abdulhalim in damages. Leave is prayed to assert such amount when ascertained.

WHEREFORE, Abdulhalim prays for judgment against Mr. Rogers, in an amount in excess of $200,000.00, as appears below.

COMPLAINT FOR DAMAGES    CIVIL No. --------

[\Complaint.01.wpd]    4

## SECOND CAUSE OF ACTION

[Abdulhalim A. Ali Wrongful Termination-Discrimination:

42 U.S.C. §1981; et seq.: Robert Rogers]

29. Plaintiff Abdulhalim A. Ali incorporates the foregoing General Allegations herein, by reference, as if fully set forth at length.

30. This action arises out of discriminatory conduct occurring on or about January 23, 2010.

31. At all relevant times, Abdulhalim was employed aboard the vessel, USNS PETERBURG ("Subject Vessel").

32. At all relevant times, Abdulhalim was employed aboard the Subject Vessel pursuant to a Collective Bargaining Agreement ("CBA") between the SIU, on the one hand, and Interocean American Shipping Corporation on the other hand.

33. At all relevant times, William Bartlett ("Captain Bartlett") was the captain of the Subject Vessel.

34. Upon information and belief: On or about January 23, 2010, Mr. Rogers ordered Captain Bartlett to terminate the employment of all persons then working aboard the Subject Vessel who appeared to be of Yemanese origin, Arabic descent and/or a follower of Islam, including Abdulhalim.

35. On or about January 23, 2010, Captain Bartlett ordered Abdulhalim leave the employment of the Subject Vessel and to immediately debark from said vessel; thus, Abdulhalim's employment aboard the vessel was terminated.

36. Upon information and belief: At all relevant times, Mr. Rogers deliberately and intentionally and/or otherwise discriminated against Abdulhalim because of Abdulhalim's origin, ethnicity and/or religion; to wit: Yemanese origin and/or of Arabic descent and/or being a follower of Islam when ordering Captain Bartlett to terminate Abdulhalim's employment aboard the Subject Vessel.

37. On or about January 23, 2010, Captain Bartlett ordered all employees appearing to be of Yemanese origin and/or of Arabic descent and/or a follower of Islam off the Subject

1     Vessel, terminating their respective employment.

2  38.  At all relevant times, including January 23, 2010 without limitation, no employees aboard the Subject Vessel, who did not appear to be of Yemanese origin and/or of Arabic descent and/or a follower of Islam were terminated from employment.

5  39.  At no time did Abdulhalim act or fail to act in any way that could justify his termination of employment aboard the Subject Vessel pursuant to the CBA or upon lawful grounds otherwise.

8  40.  At all relevant times, Mr. Rogers' conduct in causing Abdulhalim to be terminated from employment aboard the Subject Vessel breached Abdulhalim's contractual rights under the CBA. But for the herein alleged wrongful conduct of Mr. Rogers, Abdulhalim would have continued in his employment aboard the Subject Vessel.

12  41.  By reason of the foregoing premises, and as a legal result thereof, Mr. Rogers' conduct in the premises violated Abdulhalim's rights, under 42 U.S.C. §1981(a) and other laws of the United States of America, including without limitation, his rights to the enjoyment of all benefits, privileges, terms, and conditions of his alleged employment under the CBA.

16  42.  As a proximate result of the herein complained conduct, Abdulhalim was legally caused to suffer humiliation and anger, all to his damages, in sums not now specifically known, and for which Robert Rogers is liable to Abdulhalim in general damages. Leave is prayed to assert such amount when ascertained.

20  43.  As a proximate result of the herein complained conduct, Abdulhalim was legally caused to suffer a loss of wages and earning power, in sums not now specifically known, and for which Robert Rogers is liable to Abdulhalim in special damages. Leave is prayed to assert such amount when ascertained.

24  44.  As a proximate result of the herein complained conduct, Abdulhalim was legally caused to sustain attorneys fees in sums not now specifically known, and for which Robert Rogers is liable to Abdulhalim in damages. Leave is prayed to assert such amount when ascertained.

WHEREFORE, Abdulhalim prays for judgment against Mr. Rogers, in an amount in excess of $200,000.00, as appears below.

### THIRD SECOND CAUSE OF ACTION

[Abdulhalim A. Ali Wrongful Termination - Discrimination: 42 U.S.C. §1983: William Bartlett]

45. Plaintiff Abdulhalim A. Ali incorporates the foregoing General Allegations herein, by reference, as if fully set forth at length.

46. This action arises out of discriminatory conduct occurring on or about January 23, 2010.

47. Abdulhalim complains of this defendant under 42 U.S.C. §1983.

48. At all relevant times, Captain Bartlett was licensed as a Master Mariner by the U.S. Coast Guard.

49. At all relevant times, Captain Bartlett could not have served as the Master of the Subject Vessel without holding a valid, active Master Mariner license.

50. At all relevant times, Captain Bartlett was an employee of Interocean American Overseas Corporation.

51. At all relevant times, Captain Bartlett was gainfully employed aboard the Subject Vessel at the direction of Interocean American Overseas Corporation.

52. At all relevant times, the Subject Vessel was owned by the United States of America by and through the Maritime Administration, the agency within the U.S. Department of Transportation dealing with waterborne transportation.

53. At all relevant times, the U.S. Department of Transportation through its Maritime Administration agency contracted with Interocean American Shipping Corporation to have it provide civilian personnel to operate the Subject Vessel in return for monetary compensation.

54. Thus, the relationship among Captain Bartlett, the U.S. Department of Transportation and Interocean American Shipping Corporation was mutually interdependent and/or symbiotic concerning the operation of the Subject Vessel.

55. On or about January 23, 2010, Captain Bartlett ordered Abdulhalim to leave the

COMPLAINT FOR DAMAGES         CIVIL No. --------

[ Complaint.01.wpd ]                    7

employment of the Subject Vessel and to immediately debark from same; thus, Abdulhalim's employment aboard the vessel was terminated.

56. On or about January 23, 2010, Captain Bartlett ordered all employees appearing to be of Yemanese origin and/or of Arabic descent and/or a follower of Islam off the Subject Vessel, terminating their respective employment.

57. At all relevant times, including January 23, 2010 without limitation, no employees aboard the Subject Vessel, who did not appear to be of Yemanese origin and/or of Arabic descent and/or a follower of Islam were terminated from employment.

58. At no time did Abdulhalim or fail to act in any way that could justify his termination of employment aboard the Subject Vessel pursuant to the CBA or upon lawful grounds otherwise.

59. By reason of the foregoing premises, and as a legal result thereof, Captain Bartlett was acting under color of law when he ordered Abdulhalim to be terminated from his job.

60. Upon information and belief: At all relevant times, Captain Bartlett deliberately and intentionally and/or otherwise discriminated against Abdulhalim because of Abdulhalim's origin, ethnicity and/or religion; to wit: Yemanese origin and/or of Arabic descent and/or being a follower of Islam when terminating Abdulhalim's employment aboard the Subject Vessel.

61. By reason of the foregoing premises, and as a legal result thereof Captain Bartlett's conduct in the premises violated Abdulhalim's rights under the laws of the United States of America, including without limitation, the equal protection clause of the Fourteen Amendment to the United States Constitution.

62. As a proximate result of the herein complained conduct, Abdulhalim was legally caused to suffer humiliation and anger, all to his damages, in sums not now specifically known, and for which Captain Bartlett is liable to Abdulhalim in general damages. Leave is prayed to assert such amount when ascertained.

63. As a proximate result of the herein complained conduct, Abdulhalim was legally caused

|   |     |                                                                                                                                                                                                                                                                  |
|---|-----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 1 |     | to suffer a loss of wages and earning power, in sums not now specifically known, and for                                                                                                                                                                           |
| 2 |     | which Captain Bartlett is liable to Abdulhalim in special damages. Leave is prayed to                                                                                                                                                                              |
| 3 |     | assert such amount when ascertained.                                                                                                                                                                                                                               |
| 4 | 64. | As a proximate result of the herein complained conduct, Abdulhalim was legally caused to sustain attorneys fees in sums not now specifically known, and for which Robert Rogers is liable to Abdulhalim in damages. Leave is prayed to assert such amount when ascertained. |

WHEREFORE, Abdulhalim prays for judgment against Captain Bartlett in an amount in excess of $200,000.00, as appears below.

## FOURTH CAUSE OF ACTION

[Abdulhalim A. Ali Wrongful Termination-Discrimination:

42 U.S.C. §1981; et seq.: William Bartlett]

65. Plaintiff Abdulhalim A. Ali incorporates the foregoing General Allegations herein, by reference, as if fully set forth at length.

66. This action arises out of discriminatory conduct occurring on or about January 23, 2010.

67. On or about January 23, 2010, Captain Bartlett ordered Abdulhalim leave the employment of the Subject Vessel and to immediately debark from same; thus, Abdulhalim's employment aboard the vessel was terminated.

68. On or about January 23, 2010, Captain Bartlett ordered all employees appearing to be of Yemanese origin and/or of Arabic descent and/or a follower of Islam off the Subject Vessel, terminating their respective employment.

69. At all relevant times, including January 23, 2010 without limitation, no employees aboard the Subject Vessel, who did not appear to be of Yemanese origin and/or of Arabic descent and/or a follower of Islam were terminated from employment by Captain Bartlett or at his direction.

70. At no time did Abdulhalim or fail to act in any way that could justify his termination of employment aboard the Subject Vessel pursuant to the CBA or upon lawful grounds

1      otherwise.

2 71. Upon information and belief: At all relevant times, Captain Bartlett deliberately and intentionally and/or otherwise discriminated against Abdulhalim because of Abdulhalim's origin, ethnicity and/or religion; to wit: Yemanese origin and/or of Arabic descent and/or being a follower of Islam when terminating Abdulhalim's employment aboard the Subject Vessel.

7 72. At all relevant times, Captain Bartlett's conduct in causing Abdulhalim to be terminated from employment aboard the Subject Vessel breached Abdulhalim's contractual rights under the CBA. But for the herein alleged wrongful conduct of Captain Bartlett, Abdulhalim would have continued in his employment aboard the Subject Vessel.

11 73. By reason of the foregoing premises, and as a legal result thereof Captain Bartlett's conduct in the premises violated Abdulhalim's rights, under 42 U.S.C. §1981(a) and other laws of the United States of America, including without limitation, his rights to the enjoyment of all benefits, privileges, terms, and conditions of his alleged employment under the CBA.

16 74. As a proximate result of the herein complained conduct, Abdulhalim was legally caused to suffer humiliation and anger, all to his damages, in sums not now specifically known, and for which Captain Bartlett is liable to Abdulhalim in general damages. Leave is prayed to assert such amount when ascertained.

20 75. As a proximate result of the herein complained conduct, Abdulhalim was legally caused to suffer a loss of wages and earning power, in sums not now specifically known, and for which Robert Rogers is liable to Abdulhalim in special damages. Leave is prayed to assert such amount when ascertained.

24 76. As a proximate result of the herein complained conduct, Abdulhalim was legally caused to sustain attorneys fees in sums not now specifically known, and for which Captain Bartlett is liable to Abdulhalim in damages. Leave is prayed to assert such amount when ascertained.

WHEREFORE, Abdulhalim prays for judgment against Captain Bartlett, in an amount in excess of $200,000.00, as appears below.

### FIFTH CAUSE OF ACTION

[Mohamed Faisal Ali: Discrimination in Contracting: 42 U.S.C. §1981; et seq.: Robert Rogers]

77. Plaintiff Mohamed Faisal Ali incorporates the foregoing General Allegations herein, by reference, as if fully set forth at length.

78. This action arises out of discriminatory conduct occurring on or about January 24, 2010.

79. On or about January 24, 2010, Mohamed was present in the hiring hall of the SIU when a job aboard the Subject Vessel was listed upon the hiring board as being available.

80. On or about January 24, 2010, Mohamed was eligible to work in the newly listed job aboard the Subject Vessel. Further, he had seniority, so that if he wanted the job he had first choice. Further, Mohamed elected to take the job aboard the Subject Vessel on or about January 24, 2010, in the acceptable procedure existent at the SIU.

81. Upon information and belief: On or about January 24, 2010, Mr. Rogers directed the SIU, and/or caused the SIU to be directed, to not honor Mohamed's election to take the job aboard the Subject Vessel and, instead, to give that job to another union member who was apparently not of Yemanese origin, Arabic descent and/or a follower of Islam.

82. Upon information and belief: On or about January 2010, the job aboard the Subject Vessel that Mohamed had elected to take, and which then was taken from him, was given to another SIU union member who was apparently not of Yemanese origin, Arabic descent and/or a follower of Islam.

83. Upon information and belief: At all relevant times, Mr. Rogers deliberately and intentionally and/or otherwise discriminated against Mohamed because of Mohamed's origin, ethnicity and/or religion; thereby Mr. Rogers breached Mohamed's contractual rights under the CBA to obtain the job aboard the Subject Vessel. But for the herein alleged wrongful conduct of Mr. Rogers, Mohamed would have been employed aboard the Subject Vessel.

84. By reason of the foregoing premises, and as a legal result thereof Mr. Rogers' conduct in the premises violated Mohamed's rights, under 42 U.S.C. §1981(a) and other laws of the United States of America, including without limitation, his rights to the enjoyment of all benefits, privileges, terms, and conditions of his alleged employment under the CBA.

85. As a proximate result of the herein complained conduct, Mohamed was legally caused to suffer humiliation and anger, all to his damages, in sums not now specifically known, and for which Robert Rogers is liable to Mohamed in general damages. Leave is prayed to assert such amount when ascertained.

86. As a proximate result of the herein complained conduct, Mohamed was legally caused to suffer a loss of wages and earning power, in sums not now specifically known, and for which Robert Rogers is liable to Mohamed in special damages. Leave is prayed to assert such amount when ascertained.

87. As a proximate result of the herein complained conduct, Mohamed was legally caused to sustain attorneys fees in sums not now specifically known, and for which Robert Rogers is liable to Mohamed in damages. Leave is prayed to assert such amount when ascertained.

WHEREFORE, Mohamed prays for judgment against Mr. Rogers, in an amount in excess of $200,000.00, as appears below.

### SIXTH CAUSE OF ACTION

[Mohamed Faisal Ali: Discrimination in Hiring : 42 U.S.C. §1983: Robert Rogers]

88. Plaintiff Mohamed Ali incorporates the foregoing General Allegations herein, by reference, as if fully set forth at length.

89. This action arises out of discriminatory conduct occurring on or about January 23, 2010.

90. Abdulhalim complains of this defendant under 42 U.S.C. §1983.

91. At all relevant times, the U.S. Department of Transportation through its Maritime Administration agency contracted with Interocean American Shipping Corporation to have it provide civilian personnel to operate the vessel and to supply it with necessaries in

|   |   |
|---|---|
|   | return for monetary compensation. Thus, the relationship among the U.S. Department of Transportation and Interocean American Shipping Corporation and Mr. Rogers was mutually interdependent and/or symbiotic concerning the operation of the Subject Vessel. |
| 92. | At all relevant times, Mr. Rogers and Interocean American Shipping Corporation would hire persons to work aboard the Subject Vessel under the terms of a Collective Bargaining Agreement ("CBA") between said corporation and the SIU. |
| 93. | On or about January 24, 2010, Mohamed was present in the hiring hall of the SIU when a job aboard the Subject Vessel was listed upon the hiring board as being available. |
| 94. | On or about January 24, 2010, Mohamed was eligible to work in the newly listed job aboard the Subject Vessel. Further, he had seniority, so that if he wanted the job he had first choice. Further, Mohamed elected to take the job aboard the Subject Vessel on or about January 24, 2010, in the acceptable procedure existent at the SIU. |
| 95. | Upon information and belief: On or about January 24, 2010, Mr. Rogers directed the SIU, and/or caused the SIU to be directed, to not honor Mohamed's election to take the job aboard the Subject Vessel and, instead, to give that job to another union member who was apparently not of Yemanese origin, Arabic descent and/or a follower of Islam. |
| 96. | Upon information and belief: On or about January 2010, the job aboard the Subject Vessel that Mohamed had elected to take, and which then was taken from him, was given to another SIU union member who was apparently not of Yemanese origin, Arabic descent and/or a follower of Islam. |
| 97. | Upon information and belief: At all relevant times, Mr. Rogers deliberately and intentionally and/or otherwise discriminated against Mohamed because of Mohamed's origin, ethnicity and/or religion. But for the herein alleged wrongful conduct of Mr. Rogers, Mohamed would have been employed aboard the Subject Vessel. |
| 98. | At no time did Mohamed act or fail to act in any way that could justify him being rejected for employment aboard the Subject Vessel pursuant to the CBA or upon lawful grounds otherwise. |

COMPLAINT FOR DAMAGES            CIVIL No. --------

13

99. By reason of the foregoing premises, and as a legal result thereof, Mr. Rogers was acting under color of law when he directed that Mohamed be prevented from taking the kob aboard the Subject Vessel.

100. By reason of the foregoing premises, and as a legal result thereof Mr. Rogers' conduct in the premises violated Mohamed's rights under the laws of the United States of America, including without limitation, the equal protection clause of the Fourteen Amendment to the United States Constitution.

101. As a proximate result of the herein complained conduct, Mohamed was legally caused to suffer humiliation and anger, all to his damages, in sums not now specifically known, and for which Robert Rogers is liable to Mohamed in general damages. Leave is prayed to assert such amount when ascertained.

102. As a proximate result of the herein complained conduct, Mohamed was legally caused to suffer a loss of wages and earning power, in sums not now specifically known, and for which Robert Rogers is liable to Mohamed in special damages. Leave is prayed to assert such amount when ascertained.

103. As a proximate result of the herein complained conduct, Mohamed was legally caused to sustain attorneys fees in sums not now specifically known, and for which Robert Rogers is liable to Mohamed in damages. Leave is prayed to assert such amount when ascertained.

WHEREFORE, Mohamed prays for judgment against Mr. Rogers, in an amount in excess of $200,000.00, as appears below.

WHEREFORE, Plaintiff REQUESTS A TRIAL BY JURY and prays judgment against Defendants, and each of them, as follows:

1. For general damages, according to proof.
2. For special damages, according to proof.
3. For Attorneys fees according to proof.
4. For costs of suit herein incurred.

5. For such other and further relief as the court may deem proper.

6. Trial by jury.

DATED: January 20, 2012      BERSCHLER ASSOCIATES, PC


_____
Arnold I. Berschler, attorney for
Defendant ABDULHALIM A. ALI

COMPLAINT FOR DAMAGES            CIVIL No. --------

[\Complaint.01.wpd]     15